## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Kim Leszyczynski,

                    Plaintiff,          Case No. 18-13432

v.                                      Judith E. Levy
                                        United States District Judge
The Home Depot USA, Inc.,

                    Defendant.          Mag. Judge David R. Grand

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR RELIEF FROM JUDGMENT [16]

On January 15, 2020, the Court granted Defendant The Home Depot USA, Inc.'s motion for summary judgment and entered judgment against Plaintiff Kim Leszyczynski. (ECF Nos. 14, 15.) Before the Court is Plaintiff's January 29, 2020 motion for relief from final judgment. (ECF No. 16.) For the reasons set forth below, Plaintiff's motion is DENIED.

### I.    Background

The facts giving rise to this case were set forth in detail in the Court's previous opinion. (ECF No. 14, PageID.231–235.) In short, Plaintiff was injured during a slip and fall at Defendant's Roseville,

Michigan store on November 2, 2016. (*Id.* at PageID.231–232.) While walking toward the store's Garden Center and looking ahead, Plaintiff suddenly felt her right leg slide out from under her and landed on the ground. (*Id.* at PageID.231.) While Plaintiff was still on the ground, she saw what appeared to be a red "Slurpee" drink that was "spattered" across the floor that she identified as the source of her fall. (*Id.* at PageID.231–232.) Plaintiff finished her shopping and returned to her car, but twenty to thirty minutes later she re-entered the store and reported the incident to two of Defendant's employees. (*Id.* at PageID.232–234.) She did not seek medical treatment until approximately one week later after returning home to Florida. (*Id.* at PageID.234.) Plaintiff alleges that she still experiences the residual effects of her injuries from the fall. (*Id.* at PageID.234–235.)

On September 20, 2018, Plaintiff filed her complaint in Macomb County Circuit Court (ECF No. 1, PageID.15), alleging that Defendant was liable for her injuries under theories of premises liability, negligence, respondeat superior, and nuisance (*id.* at PageID.17–22). Defendant removed the case to this Court on November 2, 2018 and answered the complaint on November 7, 2018. (ECF Nos. 1, 2.)

On October 3, 2019, Defendant moved for summary judgment. (ECF No. 12.) That day, the Court suspended the remaining scheduling dates and scheduled a hearing for February 6, 2020. (ECF No. 13.) Plaintiff did not respond to Defendant's motion within 21 days as required under the Local Rules. *See* LR 7.1(e)(1)(B). The Court nevertheless reviewed Defendant's motion on the merits, and on January 15, 2020, granted summary judgment to Defendant on all claims and entered judgment against Plaintiff. (ECF Nos. 14, 15.)

On January 29, 2020, Plaintiff filed a timely motion for relief from final judgment under Fed. R. Civ. P. 60(b)(1). (ECF No. 16.) She states that "Plaintiff's counsel's employee, Kelly Folster, was solely responsible for calendaring motion hearing dates and response deadline dates" and that "Ms. Folster inadvertently calendared a response due date for [Defendant's motion for summary judgment] on January 30, 2020 by incorrectly following the Michigan Court Rules."[1] (*Id.* at PageID.256; *see*

---

[1] Under the Michigan Court Rules, "any response to the motion [for summary disposition] (including brief and any affidavits) must be filed and served at least 7 days before the hearing." MCR 2.116(G)(1)(a)(ii).

3

*also* ECF No. 16-7.) Plaintiff also attached a proposed response to Defendant's motion for summary judgment. (ECF No. 16-10.)

## II.   Legal Standard

Under Fed. R. Civ. P. 60(b)(1), the Court may grant a party relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b) is discretionary. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "Moreover, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Berry v. Del. Cnty. Sheriff's Off.*, 796 F. App'x 857, 866 (6th Cir. 2019) (internal quotation marks omitted) (citing *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)), *cert. denied*, ___ U.S. _____, 140 S. Ct. 2671 (2020). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citing *Crehore v. United States*, 253 F. App'x. 547, 549 (6th Cir. 2007)).

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect

4

was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'"[2] *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans,*

---

[2] In support of her motion, Plaintiff relies on the framework in *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380 (1993). (*See* ECF No. 16, PageID.257.) In *Pioneer*, the Supreme Court articulated five factors for analyzing whether neglect was excusable in the context of Rule 60(b)(1): "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Jinks*, 250 F.3d at 386 (citing *Pioneer*, 507 U.S. at 395).

However, the Sixth Circuit has explained that "*Pioneer* focused entirely on out-of-time filings and stands for the proposition that a district court should consider the five factors . . . in cases where **procedural default** has prevented the court from considering the true merits of a party's claim." *Yeschick*, 675 F.3d at 629 (alteration in original) (emphasis added) (internal quotation marks omitted) (quoting *Jinks*, 250 F.3d at 386). As a result, "the *Pioneer* factors are not controlling" where the district court's decision was based **on the merits**. *Id.* (citing *Jinks*, 250 F.3d at 385–86).

Here, the Court's January 15 opinion and order granting summary judgment for Defendant was on the merits and was not based on Plaintiff's failure to file a response. (*See* ECF No. 14, PageID.236–245.) Even when viewing the facts most favorable to Plaintiff, the Court found that each of her claims failed as a matter of law. (*See id.* at PageID.240 ("As a matter of law, viewing the facts in the light most favorable to Plaintiff, no reasonable jury could return a verdict for Plaintiff with respect to the premises liability negligence claim."); PageID.242–243 ("Plaintiff's negligence and respondeat superior theories both sound in premises liability . . . . For this reason, under Michigan law, both of these claims are more properly brought under Plaintiff's premises liability theory."); PageID.245 ("Plaintiff cannot demonstrate that the red Slurpee spill either significantly affected a relevant aspect of the public's wellbeing or was permanent or long-lasting.").)

5

*Inc.*, 440 F. App'x. 452, 457–58 (6th Cir. 2011)). Because clients are accountable for their chosen attorneys' acts or omissions, the proper focus in assessing a claim of excusable neglect includes the conduct of both the parties and their counsel. *Id.* at 629 (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594–95 (6th Cir. 2002)).

### III.   Analysis

### A. Plaintiff Cannot Demonstrate Excusable Neglect

Plaintiff's counsel's failure to timely respond to Defendant's motion for summary judgment does not constitute excusable neglect. The Sixth Circuit has made clear that a party's "failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is *inexcusable* neglect." *Broach v. City of Cincinnati*, 244 F. App'x 729, 734 (6th Cir. 2007) (emphasis in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 173 (6th Cir. 1984)). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief . . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness or misapprehension of the

law or the applicable rules of court." *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999) (alteration in original) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993)); *see also Yeschick*, 675 F.3d at 631 ("[G]ross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence."). Moreover, attorneys have an affirmative duty to monitor the docket to keep apprised of any filings by other parties, orders of the court, or changes in deadlines. *See Yeschick* 675 F.3d at 629–30.

Applying these principles, courts in this Circuit have consistently refused to excuse an attorney's neglect even when the attorney's failure to respond was due to a good faith clerical error. In *Burnley*, the plaintiff's attorney failed to respond to the defendant's motion for summary judgment "because his scheduling calendar was misplaced when he moved his office." *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 331 (6th Cir. 2003). The district court granted the defendant's motion on the merits and denied the plaintiff's subsequent motion for relief under Rule 60(b)(1). *Id.* at 332. While the Sixth Circuit noted that plaintiff's counsel "demonstrated good faith because he filed for an extension two days after

the court granted [defendant's] motion for summary judgment," the court nevertheless found that the attorney's neglect was "inexcusable, and did not warrant relief under Rule 60(b)(1)." *Id.* at 333.

In *Yeschick*, the plaintiff's attorney alleged that he failed to respond to the defendant's motion to compel and motion to dismiss because he did not receive the relevant email notifications from the CM/ECF system. 675 F.3d at 626–27. These notifications were not delivered because counsel did not update his email address with the court after his email provider moved his account from one domain to another. *Id.* at 627. The Sixth Circuit affirmed the district court's denial of plaintiff's Rule 60(b) motion. *Id.* at 629–31. The court emphasized that counsel's neglect was inexcusable because, among other things, he "had notice that filings in the case were to be expected if he failed to respond to the [defendant's] discovery requests and was also aware of the discovery cut-off date and the deadline for dispositive motions." *Id.* at 630. Moreover, the fact that the email address was changed by a third party did not absolve counsel of his duty to update his email address with the court or to monitor the docket. *Id.*

8

Finally, in a recent district court case, counsel for respondents
failed to object to a petition seeking enforcement of an arbitration award
under the Federal Arbitration Act. *See Thyssenkrupp Presta Danville,
LLC v. TFW Indus. Supply & CNC Mach., LLC*, No. 19-MC-50863, 2019
WL 5653253, at *1 (E.D. Mich. Oct. 31, 2019). Counsel later explained
that its paralegal failed to calendar the relevant deadline for the
objections following her husband's death. *Id.* at *2. In denying relief
under Rule 60(b)(1), the Honorable Gershwin A. Drain pointed out that
"at least three other individuals at [r]espondent's firm, two of whom are
lawyers, could have caught the calendaring issue" which "indicate[d] that
the mistake was within the reasonable control of [r]espondent's firm." *Id.*
at *3.

The overwhelming weight of authority demonstrates that Plaintiff's
failure to timely respond to Defendant's motion for summary judgment
is inexcusable neglect. The Court does not doubt that Ms. Folster acted
in good faith and appreciates her candor. However, it was *counsel's*
failure to verify that the date was entered correctly—and not Ms.
Folster's application of the Michigan Court Rules—that resulted in
Plaintiff's failure to respond. As in *Yeschick*, Plaintiff's counsel had notice

9

from the Court's scheduling order that the deadline for dispositive motions was October 3, 2019. (ECF No. 9, PageID.84.) On October 2, 2019, Defendant's counsel also notified Plaintiff's counsel in writing of her intent to file a motion for summary judgment. (ECF No. 12, PageID.100–101.) Moreover, the docket receipt for Defendant's summary judgment motion indicates that the associated "Notice of Electronic Filing" was sent to both of Plaintiff's attorneys of record in this case.[3] (*See* Notice of Electronic Filing, ECF No. 12.) Combined with Local Rule 7.1(e)(1)(B)'s clear command that "[a] response to a dispositive motion must be filed within 21 days after service of the motion," Plaintiff's counsel had ample notice that its response to Defendant's motion was due no later than October 24, 2019. Counsel for Plaintiff's failure to verify that this deadline was entered correctly according to the rules of this Court is inexcusable neglect.

Because Plaintiff cannot make the threshold showing of excusable neglect, the Court is not required to reach the two remaining *Yeschick*

---

[3] For Plaintiff's attorney Heather J. Atnip, the notice was sent to heather@atniplawyers.com, anna@atniplawyers.com, katie@atniplawyers.com, and kelly@atniplawyers.com. For Plaintiff's attorney Jeffery S. Sprys, the notice was sent to sprysj@sbcglobal.net.

factors. *See* 675 F.3d at 628–29. Accordingly, Plaintiff's motion for relief from final judgment under Rule 60(b)(1) is denied.

### B. Granting Plaintiff's Motion Would Prejudice Defendant

Even if Plaintiff could demonstrate excusable neglect, the prejudice suffered by Defendant also counsels against granting Plaintiff relief from final judgment. In the context of Rule 60(b)(1), the Sixth Circuit has explained that the "expenditure of resources on discovery and filing a motion for summary judgment, which has been decided on the merits, weighs in favor of finding that attorney oversight constituted inexcusable neglect, even when good faith is found." *Yeschick*, 675 F.3d at 631 (citing *Burnley*, 75 F. App'x. at 333). It would therefore be "unfair to require [a party] to expend additional resources litigating this claim, particularly because [the opposing party] had ample time to conduct discovery, and failed to present evidence substantiating [their] claim." *Burnley*, 75 F. App'x. at 333.

Plaintiff asserts that she "should be afforded the opportunity to present her supporting evidence and law" and emphasizes that "the prejudicial effect upon Defendant is minimal" because she filed this motion prior to the original hearing date for Defendant's motion. (ECF

11

No. 16, PageID.258.) However, the issue of prejudice concerns not simply the passage of time but the additional time and resources a party must expend in continuing to litigate the case. Requiring Defendant to re-litigate its motion solely because of counsel's failure to respond is exactly the type of unfair prejudice that supported the Sixth Circuit's decisions in *Yeschick* and *Burnley*. Accordingly, this factor also supports denial of Plaintiff's motion, though the Court does not afford it significant weight.

## C. Plaintiff Has No Meritorious Underlying Claim

Assuming she could demonstrate excusable neglect and a lack of prejudice to Defendant, Plaintiff also does not have a meritorious underlying claim. At the outset, Plaintiff concedes that her nuisance and negligence claims are cognizable only as a claim for premises liability under Michigan law.[4] (ECF No. 16, PageID.260.) She instead asserts that

---

[4] Plaintiff does not address her respondeat superior claim in either her motion for relief from final judgment or her proposed response to Defendant's summary judgment motion. (*See* ECF Nos. 16, 16-10.) However, Plaintiff's respondeat superior claim arises entirely out of her negligence claim. (*See* ECF No. 14, PageID.241 ("As to respondeat superior, Plaintiff states only that all negligent acts committed by employees were done 'with the consent and assistance of their employers, thereby imposing direct, indirect, and vicarious liability on Defendant.'").) Accordingly, the Court concludes that Plaintiff's concession on her negligence claim extends to her respondeat superior claim.

her premises liability claim is not precluded as an open and obvious danger and that "Defendant had constructive notice of the hazardous condition upon which Plaintiff was injured." (*Id.*)

As to her open and obvious danger argument, Plaintiff relies on *Quinto v. Woodward Detroit CVS, LLC*, 305 Mich. App. 73, 76–77 (2014). (ECF No. 16-10, PageID.322.) There, the Michigan Court of Appeals analyzed the applicability of the Michigan Supreme Court's decisions in *Clark*[5] and *Jaworski*[6] to a slip and fall in a "self-service retail store." *Quinto*, 305 Mich. App. at 76–77. The *Quinto* court concluded that "the merchandise-display aisleways of a self-service retail store present particular circumstances to the extent that the open and obvious danger doctrine does not eliminate the duty of the store to take reasonable actions to make those aisleways reasonably safe for its customer-invitees." *Id.* at 74–75. To support this conclusion, the *Quinto* court quoted *Clark* and the Court of Appeals on remand:

> The *Clark* Court observed that "[i]t is the duty of a storekeeper to provide reasonably safe aisles for customers

---

[5] *Clark v. Kmart Corp.*, 465 Mich. 416 (2001), *on remand*, 249 Mich. App. 141 (2002).

[6] *Jaworski v. Great Scott Supermarkets, Inc.*, 403 Mich. 689 (1978).

and he is liable for injury resulting from an unsafe condition
. . . caused by the active negligence of himself and his
employees [.]" Further, as this Court observed, on remand, in
*Clark*, "an individual shopping in a self-service store is
entitled to presume that passageways provided for his use are
reasonably safe, and is not under an obligation to see every
defect or danger in his pathway."

*Id.* at 76–77 (alterations in original) (citations omitted).

However, "[t]he [*Quinto*] court's conclusion is pure dicta." *Foust v. Home Depot USA, Inc.*, 166 F. Supp. 3d 881, 889 (E.D. Mich. 2016). The panel itself noted that—despite its conclusions about *Clark* and *Jaworski*—the Court of Appeal's controlling decision in *Kennedy*[7] "rejected this view." *Quinto,* 305 Mich. App. at 75. As such, the *Quinto* court held that it was bound by *Kennedy* and affirmed the trial court's grant of summary judgment for the defendant retail store. *Id.*

Thus, it is *Kennedy*—and not *Quinto*—that continues to control when analyzing open and obvious dangers under Michigan law. *Cf. Richard v. Meijer, Inc.*, No. 342766, 2019 WL 1780670, at *6 (Mich. Ct. App. Apr. 23, 2019); *Freeman v. Kmart Corp.*, No. 331224, 2017 WL

---

[7] *Kennedy v. Great Atlantic & Pacific Tea Co.*, 274 Mich. App. 710 (2007).

14

2463407, at *7 (Mich. Ct. App. June 6, 2017). *Richard*, which the Court

discussed extensively in its January 15 opinion, is instructive:

> This Court has held that when a plaintiff or other eyewitness
> admits that a hazard is visible after an incident, this
> testimony reinforces and bolsters the conclusion that the
> condition was open and obvious under an objective standard.
> *See Kennedy*[,] 274 Mich. App. [at] 713–714[.] This case is
> indistinguishable from *Kennedy*. Although [plaintiff] did not
> observe the water before she slipped and fell, both she and
> [her husband] readily observed it after she fell. In both this
> case and in *Kennedy*, the injured party purportedly did not see
> the danger before slipping and falling. Still, like in *Kennedy*,
> plaintiffs in this case could identify the danger in question
> once they looked at the floor. Because the danger was open
> and obvious according to plaintiffs' own evidence, defendant
> had no duty to warn or protect [plaintiff] from the danger
> presented by the water on the floor.

*Richard*, 2019 WL 1780670, at *6.

Plaintiff's own testimony demonstrates that this case is

indistinguishable from *Richard* and *Kennedy*. Plaintiff attested that she

was not looking at the ground as she walked toward the Garden Center,

but that once "on the ground[,] that's when [she] noticed all the

splattering." (ECF No. 12-3, PageID.153; *see also* ECF No. 16-10,

PageID.323 ("[Plaintiff] only observed the substance after she had

fallen.").) She also could immediately "tell [that there] was a red, bright

red Slurpee type of the thing" on the ground where she fell. (ECF No. 12-

15

3, PageID.153.) Like the *Richard* complainant, Plaintiff "should have discovered the condition and realized its danger." *Lugo v. Ameritech Corp. Inc.*, 464 Mich. 512, 516 (2001) (quoting *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 611 (1995)). Because the danger posed by the Slurpee was open and obvious, Defendant did not owe Plaintiff a duty of care. Plaintiff cannot prevail on her premises liability claim and the Court need not reach Plaintiff's constructive notice arguments. *See Bell & Hudson, P.C. v. Buhl Realty Co.*, 185 Mich. App. 714, 717 (1990) ("Unless the defendant owed a duty to the plaintiff, the negligence analysis cannot proceed further.") Accordingly, this factor strongly supports denial of Plaintiff's motion for relief from final judgment.

## IV.   Attorney Fees

In the Court's January 15 opinion and order granting summary judgment to Defendant, the Court provided Defendant three weeks to submit a brief on the issue of attorney fees and two weeks for Plaintiff to respond. (ECF No. 14, PageID.245–246.) While Defendant did not formally request an extension of that deadline following Plaintiff's Rule 60(b) motion, the Court nevertheless finds that extension of this briefing schedule is appropriate. Defendant may submit a memorandum on this

16

issue on or before three weeks from the date of this Order. Plaintiff's response shall be due two weeks from the date Defendant files its memorandum.

## V.    Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for relief from final judgment (ECF No. 16);

Defendant may submit a brief on attorney fees as set forth above no later than three weeks from the date of this Order; and

Plaintiff may respond as set forth above no later than two weeks after the date of Defendant's memorandum.

IT IS SO ORDERED.

Dated: November 30, 2020         s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2020.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager